IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | Case No. |
| *Plaintiffs,* | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| NICHOLAS YARUSSI, an individual; and 4TH GENERATION CONSTRUCTION, INC., a New York corporation, | ) ) ) ) ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), and 28 U.S.C. § 1367(a).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Nicholas Yarussi ("Nicholas") is an individual who resides in the State of New York.

8. Defendant 4th Generation Construction, Inc. ("4th Generation") is a corporation organized under the laws of the State of New York.

## BACKGROUND INFORMATION

A.   **The Yarussi Construction Controlled Group.**

9. Non-party Yarussi Construction, Inc. ("Yarussi Construction") is or was a corporation organized under the laws of the State of New York.

10. Beginning in 1998 and continuing through at least July 30, 2017, Nicholas directly or indirectly owned 100% of the total combined voting power of all classes of outstanding stock

entitled to vote or 100% of the total value of outstanding shares of all classes of Yarussi Construction.

11. During all relevant periods of time, Nicholas was the president of Yarussi Construction and the individual responsible for its day-to-day operations.

12. On or about July 30, 2017, Nicholas personally owned and operated an unincorporated "trade or business" within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), that consisted of the rental of real estate property (the "Property Rental Business").

13. Nicholas's Property Rental Business was regular and continuous. Nicholas directly owns the property at 5650 Simmons Avenue in Niagara Falls, New York 14304 ("5650 Simmons Avenue"), which he leased, generating significant rental income from 2001 through present day. Notably, Nicholas leased 5650 Simmons Avenue to Yarussi Construction from 2001 to at least 2017 and later to 4th Generation from 2018 to present day, which served as the principal business locations for both corporations.

14. Upon information and belief, Nicholas's Property Rental Business was conducted on his own accord and was for the purpose of income or profit. Nicholas reported income or profit and/or losses over the course of many years, including without limitation, the period of time prior to and through July 2017.

15. On or about July 30, 2017, Nicholas personally owned and operated an unincorporated "trade or business" within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), that consisted of gambling activities (the "Gambling Business").

16. Upon information and belief, Nicholas's Gambling Business was regular and continuous. Nicholas's gambling activities were: (a) conducted locally in New York; (b) engaged

on a frequent and recurring basis of once per week; and (c) conducted over the course of many years including without limitation, a period of time prior to and through at least July 2017.

17. Upon information and belief, Nicholas's Gambling Business was conducted on his own accord and was for the purpose of income or profit. Nicholas reported income or profit and/or losses over the course of many years, including without limitation, the period of time prior to and through at least July 2017, and reported both income and losses in excess of $300,000.00 from his gambling activities in 2016 alone.

18. On or about July 30, 2017, Yarussi Construction, the Property Rental Business and the Gambling Business were a group of trades or businesses under common control (the "Yarussi Construction Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

19. The Yarussi Construction Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**B. The withdrawal liability incurred by the Yarussi Construction Controlled Group.**

20. During all relevant times, Yarussi Construction was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters ("IBT") under which Yarussi Construction was required to make contributions to the Pension Fund on behalf of certain of its employees.

21. The Pension Fund determined that on or about July 30, 2017, the Yarussi Construction Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete

withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "2017 Withdrawal").

22. As a result of the 2017 Withdrawal, the Yarussi Construction Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $781,043.19, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2017 Withdrawal Liability").

23. On or about March 18, 2019, the Yarussi Construction Controlled Group, through Yarussi Construction, received a notice and demand for payment of the 2017 Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand"). The Notice and Demand demanded full payment of the entire amount of the 2017 Withdrawal Liability by April 1, 2019, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund Plan Document. The amount demanded was $781,043.19, the balance owed at that time on the 2017 Withdrawal Liability.

24. The Notice and Demand was served on Nicholas as the owner and registered agent of Yarussi Construction.

25. The Yarussi Construction Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

26. The Yarussi Construction Controlled Group failed to make the required 2017 Withdrawal Liability payment to the Pension Fund.

C. **The Pension Fund's judgment against Yarussi Construction.**

27. On June 21, 2019, the Pension Fund filed suit against Yarussi Construction in the United States District Court for the Northern District of Illinois in a case entitled *Central States,*

*Southeast and Southwest Areas Pension Fund, et al. v. Yarussi Construction, Inc.*, Case No. 19-cv-4170, to collect the 2017 Withdrawal Liability, plus interest and statutory damages (the "Lawsuit").

28. On October 7, 2020, an amended judgment was entered in the Lawsuit in favor of the Pension Fund and against Yarussi Construction in the total amount of $1,019,069.81, plus post-judgment interest (the "Judgment").

29. To date, the full amount of the Judgment remains due and owing to the Pension Fund.

**D. 4th Generation's creation and the continuation of Yarussi Construction's operations through 4th Generation.**

30. Yarussi Construction has been a family business since its inception in April 1963, when it was founded by Nicholas's father, Mariano Yarussi. Nicholas assumed the position of president of Yarussi Construction in 1998.

31. Yarussi Construction was a construction company specializing in a wide range of construction services, including utility construction and roadwork.

32. The principal business location for Yarussi Construction was at 5650 Simmons Avenue, a property Nicholas acquired from his father in 2001 and subsequently leased to Yarussi Construction. From 2001 to at least 2017, Yarussi Construction operated out of this location, paying rent and property taxes on the building.

33. By 2017, Yarussi Construction was facing significant financial liabilities, particularly the Pension Fund's impending 2017 Withdrawal Liability, and ultimately ceased operation on July 30, 2017.

34. In anticipation of the 2017 Withdrawal Liability, 4th Generation was incorporated in New York on June 19, 2017, with ownership initially structured to exclude Nicholas. Instead,

the company is owned by Nicholas's three daughters—Kristine Yarussi ("Kristine"), Ann Kerr and Elizabeth Falzone.

35. Despite this formal separation on paper, 4th Generation is the continuation of Yarussi Construction, including by having taken over many of Yarussi Construction's existing contracts and former customers, employing several of the same workers, and operating in the same construction industry and geographic area.

36. Nicholas himself is actively involved in 4th Generation, working as an estimator and project manager from 2018 to present day, though he holds no corporate title or official ownership in the company. Upon information and belief, Nicholas is a supervisor at 4th Generation and, in this capacity, acts as a de facto officer and/or agent of 4th Generation.

37. Beyond continuity in the same industry and relying upon several of the same employees, 4th Generation also acquired substantial assets from Yarussi Construction in 2018 through private, non-publicized sales. Sixteen pieces of equipment, including trucks, compressors, and generators, were sold between the two entities for a total of at least $96,000, with sales prices determined through internal online research rather than open market valuation. Yarussi Construction also leased equipment to 4th Generation.

38. Additionally, beginning in 2018, 4th Generation took over the lease of the 5650 Simmons Avenue property owned by Nicholas and operates out of the same location that Nicholas had previously leased to Yarussi Construction.

**E.      Nicholas and Kristine's knowledge of the withdrawal liability incurred by the Yarussi Construction Controlled Group to the Pension Fund.**

39. On or about July 30, 2017, Yarussi Construction ceased operations.

40. For all times since 1998 until it ceased operations in June 2017, Nicholas owned 100% of Yarussi Construction.

41. Nicholas's daughter, Kristine, was also a manager of Yarussi Construction.

42. On or about March 18, 2019, Nicholas received actual notice of the Pension Fund's 2017 Withdrawal Liability assessment of $781,043.19 against the Yarussi Construction Controlled Group when he received the Notice and Demand.

43. Upon information and belief, based upon her proximity to Yarussi Construction, Kristine had notice of the Pension Fund's 2017 Withdrawal Liability assessment of $781,043.19 against the Yarussi Construction Controlled Group.

## COUNT I - <br> WITHDRAWAL LIABILITY AGAINST NICHOLAS YARUSSI

44. Plaintiffs reallege and incorporate each and every allegation made in paragraphs 1 through 43 of this Complaint as through fully set forth herein.

45. This Count I is brought against Defendant Nicholas Yarussi.

46. The Property Rental Business and Gambling Business, as members of the Yarussi Construction Controlled Group, are jointly and severally liable to the Pension Fund for the 2017 Withdrawal Liability.

47. Nicholas, as the owner of the unincorporated Property Rental Business and Gambling Business, is personally liable for the liabilities of such Property Rental Business and Gambling Business, including the 2017 Withdrawal Liability incurred by the Yarussi Construction Controlled Group.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant Nicholas Yarussi and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

  (i) $781,043.19 in withdrawal liability;

      (ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

      (iii)    an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

      (iv)    attorneys' fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

## COUNT II
## WITHDRAWAL LIABILITY AGAINST
## 4TH GENERATION AS A SUCCESSOR TO YARUSSI CONSTRUCTION

48.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.    This Count II is brought against Defendant 4th Generation Construction, Inc.

50.    Based on the facts set forth above, including the facts set forth in paragraphs 30-43, by no later than July 30, 2017, 4th Generation (through Nicholas and Kristine) had notice of Yarussi Construction's potential 2017 Withdrawal Liability to the Pension Fund.

51.    Based on the facts set forth above, including the facts set forth in paragraphs 39-43, by no later than March 18, 2019, 4th Generation (through Nicholas and Kristine) had notice

that Yarussi Construction would in fact be liable to the Pension Fund for withdrawal liability and had notice of the approximate amount of that liability.

52. Based on the facts set forth above, including the facts set forth in paragraphs 34-38, from 2017 through present, 4th Generation has substantially continued Yarussi Construction's operations.

53. Thus, based on the facts set forth above, including the facts set forth in paragraphs 34-43, 4th Generation is a successor to Yarussi Construction.

54. As the successor to Yarussi Construction, 4th Generation is jointly and severally liable for the 2017 Withdrawal Liability owed by Yarussi Construction to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant 4th Generation Construction, Inc. and in favor of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) $781,043.19 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due withdrawal liability payments or liquidated damages of 20% of the past due withdrawal liability payments; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT III
## WITHDRAWAL LIABILITY AGAINST
## 4TH GENERATION AS AN ALTER EGO OF YARUSSI CONSTRUCTION

55. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. This Count III is brought against Defendant 4th Generation Construction, Inc.

57. Yarussi Construction has transferred work covered by its collective bargaining agreements with the IBT union to 4th Generation.

58. Upon information and belief, Yarussi Construction transferred work covered by its collective bargaining agreements with the IBT union to 4th Generation or, through its owner Nicholas, caused 4th Generation to perform the work that had previously been performed by Yarussi Construction under the collective bargaining agreements with the IBT union, to avoid obligations under those collective bargaining agreements, including, without limitation, the obligation to pay contributions to the Pension Fund.

59. From June 2017 through present, 4th Generation has operated from the same location where Yarussi Construction operated before it shut down.

60. From 2017 (and, specifically, no later than the summer of 2017) through present, 4th Generation's business purpose and work performed have been substantially (if not completely) identical to Yarussi Construction's business purpose/work before it shut down. Specifically, Yarussi Construction existed to provide construction projects in specific parts of New York, and

4th Generation now provides substantially (if not completely) identical services in a substantially (if not completely) identical region.

61. From 2017 (and, specifically, no later than the summer of 2017) through present, 4th Generation's customers and clients have included Yarussi Construction's former customers/clients. Further, 4th Generation completed projects initially contracted to be performed by Yarussi Construction prior to Yarussi Construction ceasing operations.

62. Since its inception in 2017 (and, specifically, no later than the summer of 2017), the vehicles and equipment used by 4th Generation (including what it has leased from Yarussi Construction) have been largely vehicles and equipment that Yarussi Construction used pre-shutdown.

63. Thus, based on the facts set forth in paragraphs above, including the facts set forth in paragraphs 57-62, 4th Generation and Yarussi Construction are alter egos of each other.

64. As an alter ego of Yarussi Construction, 4th Generation is jointly and severally liable for the Withdrawal Liability owed by Yarussi Construction to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant 4th Generation Construction, Inc. and in favor of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) $781,043.19 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due withdrawal liability payments or liquidated damages of 20% of the past due withdrawal liability payments; and

    (iv) attorneys' fees and costs.

 (b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

 (c) Such further or different relief as this Court may deem proper and just.

              Respectfully submitted,

              */s/ Cara Anthaney*
              Cara Anthaney, Esq.
              (ARDC #6304583)
              Central States Funds
              Law Department
              8647 W. Higgins Road, 8th Floor
              Chicago, IL 60631-2803
              (847) 939-2367
              canthane@centralstatesfunds.org

March 18, 2025            *ATTORNEY FOR PLAINTIFFS*